UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHAN WADSWORTH,<br>　　　　　　Defendant | Criminal Case No. 23cr10136<br><br>Violation:<br><br><u>Count One</u>: Bank Fraud<br>(18 U.S.C. § 1344)<br><br>Forfeiture Allegation<br>(18 U.S.C. § 982(a)(2)(A)) |

## **INFORMATION**

At all times material to this Information:

### **GENERAL ALLEGATIONS**

1. NATHAN WADSWORTH ("WADSWORTH") lived in Somerville, Massachusetts.

2. From on or about June 22, 2020, to on or about November 24, 2021, WADSWORTH was employed as a Solutions Center Manager for PNC Bank at their Back Bay, Massachusetts location. As a manager, WADSWORTH had the authority, upon customer request, to open, access and close customer accounts.

3. PNC Bank's accounts were insured by the Federal Deposit Insurance Corporation.

4. Customers #1, #2, #3, #4, and #5 were natural persons with accounts at PNC Bank.

<u>The Scheme To Defraud PNC Bank</u>

5. From in or about April 2021 through in or about November 9, 2021, WADSWORTH engaged in a scheme to defraud PNC Bank using the dormant accounts of three PNC Bank customers.

1

6. WADSWORTH perpetrated the scheme by:

   a. Identifying PNC Bank customers whose accounts had been dormant for periods of time;

   b. Fraudulently opening new accounts in the names of those bank customers;

   c. Transferring funds from the dormant customer accounts to the new accounts; and

   d. Transferring the funds to his own personal account either directly or through an intermediary account.

7. WADSWORTH executed the scheme to defraud using the means of identification of Customers #1, #2, #3, #4, and #5, as described below.

8. No later than April, 2021, WADSWORTH observed that an account held by Customer #1 was a dormant account having had no customer activity for a considerable period of time.

9. On or about April 20, 2021, WADSWORTH used a forged signature in the name of Customer #1 to open a new account in the name of Customer #1, and then transferred $8,187.53 from the dormant account to the new account.

10. From April 21, 2021 to April 23, 2021, WADSWORTH made a series of fraudulent ATM cash withdrawals from the new account in the name of Customer #1, totaling approximately $6,000.

11. On or about April 29, 2021, WADSWORTH used a forged signature in the name of Customer #2 to open a new account in the name of Customer #2.

12. On or about April 29, 2021, WADSWORTH forged a check in the name of Customer #1 to transfer $2,100 to the new account in the name of Customer #2.

13. On or about May 5, 2021 WADSWORTH forged a check in the name of Customer #2 to withdraw $2,100 payable to WADSWORTH.

14. No later than May 2021, WADSWORTH observed that an account held by Customer #3 was a dormant account having no customer activity for a considerable period of time.

15. On or about May 7, 2021, WADSWORTH used a forged signature in the name of Customer #3 to open a new account in the name of Customer #3, and then transferred $5,065.36 from the dormant account to the new account.

16. On or about May 7, 2021 and May 10, 2021, WADSWORTH fraudulently forged two checks drawn on the new account of Customer #3 in the amounts of $2,500 each and deposited them into WADSWORTH's own personal account.

17. On or about May 12, 2021, WADSWORTH observed that an account held by Customer #4 was a dormant account having no customer activity for a considerable period of time.

18. On or about May 12, 2021, WADSWORTH changed the account address for Customer #4, without her permission, from her residency in Germany to a Somerville, Massachusetts address controlled by WADSWORTH.

19. On or about May 12, 2021, WADSWORTH used a forged signature in the name of Customer #4 to open a new account in the name of Customer #4, and transferred $107,749.16 from the dormant account to the new account.

20. On May 13, 2021 and June 1, 2021, WADSWORTH engaged in two fraudulent wire transactions to transfer a total of $12,000 from the new account in the name of Customer #4 to WADSWORTH's own personal account at Citizen's Bank.

21. On or about June 10, 2021, WADSWORTH fraudulently withdrew $700 in cash by ATM withdrawal from the new account in the name of Customer #4.

22. On or about June 3, 2021, WADSWORTH used a forged signature to open a new account in the name of Customer #5.

23. From on or about June 3, 2021 through on or about October 19, 2021, WADSWORTH transferred approximately $80,000 by seven forged checks from the new account in the name of Customer #4 to the new account in the name of Customer #5.

24. From on or about June 17, 2021 through on or about November 19, 2021, WADSWORTH withdrew the funds from the new account in the name of Customer #5, using ATM cash withdrawals and forged checks payable to WADSWORTH.

## COUNT ONE
### Bank Fraud
### (18 U.S.C. § 1344)

The United States Attorney charges:

26. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 25 of this Information.

27. From on or about April 20, 2021, to in or about November 9, 2021, in the District of Massachusetts and elsewhere, the defendant,

**NATHAN WADSWORTH,**

knowingly executed and attempted to execute a scheme and artifice to defraud PNC Bank, a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of PNC Bank, by means of materially false and fraudulent pretenses, representations, and promises.

All in violation of Title 18, United States Code, 1344.

## FRAUD FORFEITURE ALLEGATIONS
(18 U.S.C. § 982(a)(2)(A))

29. Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Count One of this Information,

**NATHAN WADSWORTH,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense. The property to be forfeited includes, but is not limited to, $ 121,002.05, to be entered in the form of a forfeiture money judgment.

30. If any of the property described in Paragraph 11, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 11 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

RACHAEL S. ROLLINS
United States Attorney

By: /s/ Victor A. Wild
VICTOR A. WILD
Assistant U.S. Attorney

May 16, 2023